**Exhibit 1**

**UNREPORTED**

**IN THE COURT OF SPECIAL APPEALS
OF MARYLAND**

No. 1207

September Term, 2003

---

ADOL THEO OWEN-WILLIAMS, JR.

v.

MILES & STOCKBRIDGE, P.C.
et al.

---

Murphy, C.J.
Rodowsky, Lawrence F.
  (retired, specially assigned)
Getty, James S.
  (retired, specially assigned),

JJ.

---

Opinion by Rodowsky, J.

---

Filed:   October 25, 2004

226497

10-26-04

The appellant, Aldo Theo Owen-Williams, Jr. (the Plaintiff), appearing pro se, seeks our review of an order of the Circuit Court for Montgomery County denying his "Motion for Leave to Properly Amend, Resubmit, or Refile Complaint." The complaint previously had been dismissed with prejudice by a judgment of the circuit court that was affirmed on appeal. We shall affirm.

The instant appeal is but the latest stage of a litigation saga that originated in 1992 when the Plaintiff complained to the Equal Employment Opportunity Commission (EEOC) that his termination of employment as a financial consultant by his former employer, Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), was racially discriminatory. The EEOC issued a right to sue letter which resulted in a lengthy arbitration proceeding that concluded favorably to Merrill Lynch. The Plaintiff then brought one or more actions in the United States District Court for the District of Maryland, Southern Division, seeking to set aside the arbitration award. Those proceedings, which included at least two appeals to the United States Court of Appeals for the Fourth Judicial Circuit, concluded favorably to Merrill Lynch.

The second stage of the saga commenced when the Plaintiff turned his litigation sights to new targets, namely, certain employees of Merrill Lynch who, we infer, had participated in the decision to terminate the Plaintiff's employment. We shall refer to this action as the "Underlying Suit." The Circuit Court for Montgomery County granted summary judgment in favor of the

defendants in the Underlying Suit, and that judgment was affirmed by the Circuit Court for Montgomery County, sitting in an *en banc* appeal. An attempted further appeal by the Plaintiff was dismissed by this Court for want of jurisdiction.[1]

The third stage of the saga commenced when the Plaintiff instituted the instant action on November 5, 2001. Joined as defendants were Miles & Stockbridge, P.C., the law firm that had represented Merrill Lynch and its employees in the antecedent litigation, and four attorneys who practiced at Miles & Stockbridge, P.C., and who had participated in conducting the defense in the antecedent litigation (collectively, the Defendants).[2] The complaint essentially alleged that the Defendants in the present action had engaged in fraud, deceit, perjury, and other misconduct in representing their clients in the antecedent litigation. That complaint was dismissed with prejudice by the circuit court for failure to state a claim upon which relief could be granted. On the Plaintiff's appeal, this Court affirmed in an unreported opinion. See No. 500, September Term, 2002. The Court of Appeals denied certiorari and, on June 25, 2003, denied reconsideration of its denial of certiorari. We shall refer to this appellate review as the "2003 Appeal."

---

[1] In the course of the proceedings in the Underlying Suit, the Circuit Court for Montgomery County, on December 20, 2000, entered an order prohibiting the Plaintiff from filing additional pleadings without leave of court.

[2] The individual Defendants are James Petty Garland, Brooks Ryan Amiot, Raymond C. Baldwin, and Kathleen Pontone.

-3-

Two days after the denial of reconsideration in the 2003 Appeal the Plaintiff, in this same action, moved "For Leave to Properly Amend, Resubmit, or Refile Complaint" and, three days thereafter, amended that motion by adding an affirmation to the truth of the allegations of the motion. The motion contains a somewhat lengthy recital of the history, as the Plaintiff sees it, of the litigation beginning in January 1992. The motion concludes by asserting that, but for the alleged misconduct of the Defendants, the Plaintiff would have prevailed in the Underlying Suit.

The Defendants opposed the motion on the ground that the claim asserted by the Plaintiff was barred by *res judicata* under the judgment affirmed in the 2003 Appeal. The Defendants also moved to strike the motion and for the award of sanctions.

The circuit court denied Plaintiff's motion, granted the Defendants' motion to strike, and, with respect to sanctions, entered the following order:

> "[T]hat if the Plaintiff continues to pursue litigation, in this case or in any other civil proceeding, against any of the Defendants arising out of their representation of Plaintiff's former employer, Merrill Lynch, then the Plaintiff will be sanctioned and required to pay the costs incurred in defense of said litigation, including reasonable attorney's fees."[3]

In this appeal, Plaintiff presents the following questions:

---

[3] Plaintiff had also moved for sanctions against the Defendants. That relief was denied, and Plaintiff does not seek review of that denial on this appeal.

1. "Whether the ... circuit court erred and or violated the appellant's state and federal constitutional rights by failing to inform the appellant of what if any specific allegation, statement, or slight variance the court felt was lacking in the appellant's original complaint when the opportunity existed for the appellant to properly amend, resubmit, or refile the complaint before the trial court's original dismissal."

2. "Whether the ... circuit court erred by not directing the appellant to properly amend, resubmit, or refile the complaint at the proper time in the legal proceedings before the dismissal."

3. "Whether the ... circuit court erred by denying the appellant's motion for the right to seek leave to properly amend, resubmit, or refile complaint."

The Defendants request this Court to strike Plaintiff's brief and dismiss his appeal, or to affirm. Defendants further request counsel fees for appellate services as a sanction against Plaintiff under Maryland Rule 1-341.

I.

The Defendants base their request that this appeal be dismissed principally on the failure of the Plaintiff to furnish an adequate record extract. Maryland Rule 8-501(c) provides in relevant part that "[t]he record extract shall contain all parts of the record that are reasonably necessary for the determination of the questions presented by the appeal[.]" Specifically, the record extract "shall include the circuit court docket entries [and] the judgment appealed from[.]" The Plaintiff has furnished in his record extract only the unreported opinion of this Court in the 2003 Appeal and our order denying reconsideration of that opinion.

-5-

The Defendants, as an appendix to their brief as appellees, have furnished portions of the record comprising an adequate record extract. That does not excuse the Plaintiff's failure to comply with the rule and does not preclude us from dismissing the appeal for the rule violation. See Bornstein v. State Tax Comm'n, 227 Md. 331, 336-37, 176 A.2d 859, 861 (1962). Nevertheless, we exercise our discretion in the instant matter to deny the Motion to Dismiss. Id.

II.

On the merits of the instant appeal the Plaintiff's argument embodies the following steps. First, he points to a paragraph in the opinion of this Court in the 2003 Appeal. It reads:

> "On the allegations of perjury, [Plaintiff] does not explain how statements of counsel on behalf of their clients constitute[] perjury. [Defendants] represented the opposing party; the attorneys were not witnesses and owed no duty to [Plaintiff]. Neither has [Plaintiff] alleged that he relied on any of the statements he attributes to [Defendants] to his detriment."

From this passage, the Plaintiff concludes that the sole deficiency in his complaint was the failure to allege that a duty was owed by the Defendants to him in the Underlying Suit. Plaintiff characterizes this deficiency as a "formal slip or slight variance." He argues that the circuit court judge, when deciding the Defendants' Motion to Dismiss the Complaint, was obliged to call the "formal slip or slight variance" to Plaintiff's attention

-6-

and to allow Plaintiff to amend the complaint.[4] Plaintiff considers that the judgment that was affirmed by the 2003 Appeal is not a bar to his later request to amend the complaint, because there has never been a trial on the merits of his complaint.

A final judgment was entered in this action when the circuit court dismissed it for failure to state a claim, leading to the affirmance in the 2003 Appeal. Plaintiff is mistaken in his belief that *res judicata* does not apply unless there has been a full trial on the merits. A dismissal of a complaint for failure to state a claim, particularly when the court expressly states that the dismissal is with prejudice, constitutes a judgment on the merits. See *Annapolis Urban Renewal Auth. v. Interlink, Inc.*, 43 Md. App. 286, 405 A.2d 313 (1979).

> "'[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits .... If the court does ... exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.'"

---

[4] In this connection Plaintiff cites *Zell v. Zell*, 12 Md. App. 563, 280 A.2d 22 (1971). The passage on which Plaintiff relies reads as follows:

> "[I]t is well established in this State that amendments should be freely allowed to serve the ends of justice and may properly be suggested by the court in the interest of justice. The allowance or disallowance of the amendment is within the sound discretion of the trial judge and no appeal will lie from the allowance or disallowance unless it is demonstrated that there has been an abuse of discretion."

*Id.* at 565, 280 A.2d at 23. *Zell* was a case in which the trial court, sitting without a jury, permitted an amendment to conform the complaint to the evidence at trial, specifically, to add adultery as a ground for divorce.

-7-

*Id.* at 293; 405 A.2d at 318 (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946)).

Thus, the requirements for *res judicata* are met here. They are

> "1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute, 2) that the claim presented in the current action is identical to the one determined in the prior adjudication, and 3) that there was a valid final judgment on the merits."

*Major v. First Virginia Bank-Central Maryland*, 97 Md. App. 520, 533-34, 631 A.2d 127, 133, *cert. denied*, 331 Md. 480, 628 A.2d 1067 (1993).

Accordingly, we affirm.

III.

The Defendants have requested that counsel fees, incurred in the defense of this appeal, be awarded to them and against the Plaintiff, under Maryland Rule 1-341. That rule provides:

> "In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it."

This is an appropriate case for the award of counsel fees for services on appeal. The appeal was taken without substantial justification. Moreover, the circuit court cautioned the Plaintiff that if he continued "to pursue litigation, in this case ... then

-8-

the Plaintiff will be sanctioned and required to pay ... reasonable attorney's fees." Although the circuit court's caution is not binding on this Court, we exercise our discretion to authorize the award of counsel fees on this appeal.

Accordingly, when the record is returned to the circuit court, the Defendants may present to the circuit court a petition for the counsel fees incurred on appeal. After notice to Plaintiff, and an opportunity for him to be heard on the amount requested, the circuit court may award a reasonable attorney's fee for those services.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED.**

**COSTS TO BE PAID BY THE APPELLANT.**