# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ADOL OWEN-WILLIAMS,

    *Plaintiff*,

v.

BB&T INVESTMENT SERVICES, INC.,

    *Defendant*.

Civil Action No. 06-00948 (CKK)

## MEMORANDUM OPINION
(July 18, 2011)

Over five years ago, Plaintiff Adol Owen-Williams ("Owen-Williams") commenced this breach of contract action against Defendant BB&T Investment Services, Inc. ("BB&T") in the Superior Court of the District of Columbia. After removing the action to this Court, BB&T moved to compel arbitration and to dismiss the action. A shade less than five years ago, this Court granted BB&T's motion, concluding that the arbitration clause in the parties' agreement was enforceable as to all claims, and consequently compelled the parties to proceed to arbitration and dismissed this action without prejudice. Subsequently, the parties proceeded to arbitrate their dispute before the Financial Industry Regulatory Authority. At the conclusion of those proceedings, the panel entered a final award in BB&T's favor. Dissatisfied with that outcome, Owen-Williams moved this Court to vacate the arbitration award or to reconsider its decision to compel arbitration in the first place, a decision that had been issued over two years earlier. Unsurprisingly, BB&T opposed that motion and cross-moved to confirm the arbitration award. On May 24, 2010, this Court issued a thorough opinion denying Owen-Williams' motion in its entirety and granting BB&T's cross-motion to confirm the arbitration award. Undeterred, Owen-

Williams has filed a document styled as [20] "Motion for Expedited Reconsideration to Vacate Arbitration Ruling and Confirm Arbitration Award" ("Motion for Reconsideration"), in which he asks this Court to "reconsider" its May 24, 2010 decision. Although framed as such, the motion plainly is not one for "reconsideration," as it rests exclusively on arguments that should have been raised in prior submissions, recycles the same arguments already pressed and rejected, recites conclusory allegations devoid of factual support, and tenders a litany of arguments that simply are not valid grounds for reconsideration. The motion will be denied.

## I. PRELIMINARY MATTERS

As a preliminary matter, the parties disagree as to whether the Court should consider the pending motion under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. As a general matter, courts treat a motion for reconsideration as originating under Rule 59(e) if it is filed within 28[1] days of the entry of the order at issue and as originating under Rule 60(b) if filed thereafter. *See Sataki v. Broad. Bd. of Governors*, 272 F.R.D. 21, 24 (D.D.C. 2010). In this case, the challenged decision was entered on May 24, 2010. Consequently, Owen-Williams had until and including June 21, 2010 to file a motion under Rule 59(e). Because his motion was filed on June 7, 2010, the Court will consider the motion as one arising under Rule 59(e).

## II. BACKGROUND

The Court assumes familiarity with its prior opinions, which set forth in detail the factual and procedural background of this case. *See Owen Williams v. BB&T Inv. Servs., Inc.*, Civ. Act.

---

[1] BB&T's entire disagreement as to the applicable framework hinges on the premise that the relevant time period is ten days, but that premise rests on a superseded version of Rule 59(e). *See* Mem. of BB&T Investment Servs., Inc., in Opp'n to Pl.'s Mot. for Expedited Recons. ("Def.'s Opp'n"), ECF No. [21], at 2. Rule 59(e) was amended to extend the relevant time period from ten days to twenty-eight days before the pending motion was filed and briefed.

No. 06-948, 2006 U.S. Dist. LEXIS 52392 (D.D.C. July 31, 2006); *Owen-Williams v. BB&T Inv. Servs., Inc.*, 717 F. Supp. 2d 1 (D.D.C. 2010). Accordingly, the Court will limit itself here to setting forth those facts that are most germane to the pending motion.

### A. *The Commencement of the Action*

This lawsuit has its origins in BB&T's decision to rescind its offer of employment to Owen-Williams. In early 2006, Owen-Williams interviewed for and was ultimately offered a position with BB&T. *Id.* at 3. Thereafter, a BB&T recruiter sent Owen-Williams a letter regarding the job offer (the "Employment Contract"), accompanied by a Protective Covenants Agreement (the "Covenants Agreement").[2] *Id.* The Employment Contract stated, in relevant part, that "[a]ll employment offers are contingent upon standard background checks," and informed Owen-Williams that his employment with BB&T would begin on April 10, 2006. *Id.* at 4. Significantly, the Covenants Agreement, which Owen-Williams signed, included a mandatory arbitration clause. *Id.*

Shortly thereafter, BB&T decided to rescind its employment offer to Owen-Williams based on information uncovered in the course of running a background check. *Id.* The BB&T recruiter communicated BB&T's decision to Owen-Williams prior to the date he was scheduled to begin his employment. *Id.* After unsuccessfully pursuing the matter further with the BB&T recruiter, Owen-Williams retained counsel[3] and, on April 21, 2006, filed suit in the Superior Court of the District of Columbia alleging that BB&T terminated him in violation of his

---

[2] The Employment Contract and the Covenants Agreement are attached as Exhibit 4 to the Notice of Removal, ECF No. [1].

[3] Despite being represented by counsel throughout the arbitration process, Owen-Williams filed the pending motion and his earlier motion to vacate the arbitration ruling and for reconsideration *pro se*.

3

employment contract. *Id.* At the same time, he filed an emergency motion for a temporary restraining order ("TRO") with the aim of preventing BB&T from filling the position in question. *Id.* The Superior Court held an evidentiary hearing on the requested TRO and denied the motion from the bench. *Id.* at 5. Three days later, however, the Superior Court vacated its initial decision and issued an order permitting the parties to offer further evidence at a second evidentiary hearing. *Id.* Ultimately, the Superior Court denied the requested TRO in a final order dated May 8, 2006. *Id.*

### B. The Court's Order Compelling Arbitration

On May 19, 2006, BB&T removed the action to this Court. *Id.* Shortly thereafter, BB&T filed a [4] Motion to Compel Arbitration and Dismiss or Stay Proceedings, which was granted by the Court on July 31, 2006. *See Owen-Williams*, 2006 U.S. Dist. LEXIS 52392. In an extended opinion, the Court found that the arbitration agreement between the parties was a binding contract supported by consideration, that the Federal Arbitration Act governed the agreement, and that BB&T had not waived its right to enforce the arbitration agreement. *See Owen-Williams*, 717 F. Supp. 2d at 5. In short, the Court concluded that, "[g]iven the breadth of the arbitration agreement and the fact that Plaintiff and Defendant's dispute falls squarely within the language of the agreement referring to termination and breach, it is apparent that all of the issues in this action are subject to arbitration." *Id.* The Court entered an order compelling arbitration and dismissing the action without prejudice. *Id.* Owen-Williams took no immediate action; he neither appealed the order nor filed a prompt motion for reconsideration. *Id.*

### C. The Arbitration Proceedings

Following the Court's decision, the parties proceeded to arbitration. On December 20, 2007, Owen-Williams filed a Statement of Claim, the analog to a complaint in federal practice, with the Financial Industry Regulatory Authority, raising the same allegations asserted in his initial lawsuit. *See Owen-Williams*, 717 F. Supp. 2d at 5. A three-person panel was appointed, and an initial pre-hearing telephonic conference was held on April 30, 2008. *See id.* The arbitration hearing ultimately took place over two days in July and one day in September of 2009. *See id.* at 6-8. Owen-Williams was represented by counsel throughout the proceedings. *See id.* at 5-6. The arbitration panel issued its final award on September 22, 2008, awarding judgment in BB&T's favor. *Id.* at 8. Specifically, the panel concluded as follows:

> After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> Respondent is not liable and Claimant's claims are denied, with prejudice.
>
> Any and all claims for relief not specifically addressed herein, including Claimant's request for punitive damages and the parties' requests for attorneys' fees are denied.

*Id.* This constitutes the only written explanation of the basis for the panel's decision. *Id.*

### D. *Owen-Williams' Motion to Vacate the Arbitration Award*

On September 29, 2008, a week after the arbitration panel issued its final award, Owen-Williams, now proceeding *pro se*, filed a [11] Motion to Vacate Arbitration Ruling and Motion for Reconsideration to Compell [sic] Arbitration ("Motion to Vacate"), asking this Court to vacate the panel's final award and to reconsider its initial decision to compel arbitration in the first place, a decision that had been issued over two years earlier. *See* Pl.'s Mot to Vacate

5

Arbitration Ruling and Mot. for Recons. to Compell [sic] Arbitration ("Pl.'s Mot. to Vacate"), ECF No. [11]. Unsurprisingly, BB&T opposed the motion and cross-moved to confirm the arbitration award. *See* Def. BB&T Investment Servs, Inc.'s Opp'n to Pl.'s Mot. to Vacate Arbitration Ruling and Mot. for Recons. to Compel Arbitration, ECF No. [12]; Def.'s Appl. to Confirm Arbitration Award, ECF No. [13]. Owen-Williams filed a reply in support of his motion and a separate opposition to BB&T's cross-motion. *See* Pl.'s Reply to Def.'s [sic] BB&T Investment Services, Inc.'s [sic] Opp'n, ECF No. [16]; Pl.'s Reply to Def.'s Appl. to Confirm Arbitration Award, ECF No. [14]. BB&T filed a reply in support of its cross-motion. *See* BB&T Reply to Pl.'s Reply to Def.'s Appl. to Confirm Arbitration Award, ECF No. [15].

On May 24, 2010, this Court issued a thorough opinion denying Owen-Williams' Motion to Vacate in its entirety and granting BB&T's cross-motion to confirm the arbitration award. *See Owen-Williams*, 717 F. Supp. 2d 1. The Court found that Owen-Williams' motion, insofar as it sought reconsideration of the Court's order compelling arbitration, was untimely. *Id.* at 11-12. Moreover, the Court found that, even if the motion had been timely, Owen-Williams' contention that the order was improper because he was not an employee of BB&T was without merit. *Id.* at 11-12. Similarly, the Court rejected Owen-Williams' various arguments as to why the Court should vacate the arbitration award. *Id.* at 12-20.

### E. *The Pending Motion for Reconsideration*

Undeterred, Owen-Williams, still proceeding *pro se*, has now filed his [20] Motion for Reconsideration, in which he asks this Court to "reconsider" its May 24, 2010 decision.[4] *See* Pl.'s Mot. for Expedited Recons. to Vacate Arbitration Ruling & Confirm Arbitration Award

---

[4] In this regard, his motion is, in part, a motion for reconsideration of an order disposing of a prior motion for reconsideration.

("Pl.'s Mot. for Recons."), ECF No. [20]. BB&T has filed an opposition. *See* Def.'s Opp'n. Owen-Williams has filed a reply. *See* Pl.'s Reply to BB&T [sic] Opp'n to Pl.'s Mot. for Expedited Recons. to Vacate Arbitration Ruling & Confirm Arbitration Award ("Pl.'s Rep."), ECF No. [22]. The motion is therefore fully briefed and ripe for adjudication.[5]

### III. LEGAL STANDARD

Rule 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The disposition of a motion originating under Rule 59(e) is entrusted to the district court's discretion, and "'need not be granted unless the district court finds there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Although courts have "considerable discretion in ruling on a Rule 59(e) motion," *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004), such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances," *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). The moving party carries the burden of demonstrating that relief under Rule 59(e) is warranted. *Kittner v. Gates*, __ F. Supp. 2d __, Civ. No. 09-1246, 2011 WL 1791233, at *1 (D.D.C. May 11, 2011).

---

[5] On June 23, 2011, Owen-Williams filed a document requesting "immediate disposition" of his motion. *See* Pl.'s Mot. Requesting Immediate Disposition, ECF No. [25]. The document raises no new arguments or issues pertinent to the motion.

# IV. DISCUSSION

Owen-Williams' Motion for Reconsideration challenges this Court's decision denying his Motion to Vacate, in which he asked this Court to vacate the panel's arbitration award and reconsider its then two-year-old decision to compel arbitration in the first place, and granting BB&T's cross-motion to confirm the arbitration award. Although styled as such, the motion plainly is not one for "reconsideration." It turns entirely on arguments that could (and should) have been raised in prior submissions, recycles the same arguments already pressed and rejected, recites conclusory allegations devoid of factual support, and tenders a litany of arguments that simply do not constitute valid grounds for reconsideration.

Although Owen-Williams' papers are far from the model of artful drafting, it is sufficiently clear that he advances seven principal arguments in support of his motion. Simply put, none of these arguments presents a persuasive ground for reconsideration of the Court's prior decision. Invariably, the proffered argument either does not constitute a valid basis for reconsideration, lacks sufficient support, has already been considered and rejected by the Court, or raises arguments that could have and should have been made previously. While the Court believes that the motion is sufficiently devoid of merit that it could be denied outright, the Court will nevertheless proceed to explain why each of the arguments raised by Owen-Williams is unavailing. Thereafter, the Court will address *seriatim* a series of disjointed subsidiary arguments tendered by Owen-Williams during the course of his Motion for Reconsideration, none of which is a plausible ground for reconsideration.

### A. Owen-Williams Is Not Entitled to Reconsideration Based on the Court's Alleged Bias In Connection With His *Pro Se* Status

Owen-Williams first asserts that this Court erred by failing to acknowledge in its prior opinion that he would not have been proceeding *pro se* were it not for his financial hardship, suggesting that the Court may be "of the impression" that his Motion to Vacate was "without merit due to the fact that [his] [l]egal [r]epresentation may have been reluctant to assist [him] in any [r]econsideration effort." Pl.'s Mot. for Recons. at 2. True, in rendering its opinion, the Court did not delve into the reasons as to why Owen-Williams was proceeding *pro se*, but for a good reason: the underlying explanation for his *pro se* status was, and remains, completely immaterial to the merits of the underlying motion. Also true, the Court took note of Owen-Williams' *pro se* status, also for a good reason: consistent with established precedent, the Court construed his submissions "generous[ly]" in recognition of the fact that he was proceeding without the assistance of legal representation. *Owen-Williams*, 717 F. Supp. 2d at 10 n.7. Far from drawing a negative inference from Owen-Williams' *pro se* status, the Court afforded him the special solicitude that is unavailable to parties represented by counsel. Simply put, Owen-Williams' Motion to Vacate was considered, and denied, on the merits.

### B. Owen-Williams Is Not Entitled to Reconsideration Based on the Court's Discretionary Decision Not to Hold Oral Argument

Owen-Williams next contends that this Court erred in rendering its decision without granting his request for oral argument on his Motion to Vacate. *See* Pl.'s Mot. for Recons. at 2. In his estimation, oral argument was necessary because "the litany of convoluted facts would have caused even the most esteemed legal minds to confound the details and pertinent facts surrounding Plaintiff's Motion." *Id*. at 2. To the contrary, the Court properly exercised its

9

discretion in rendering a decision on Owen-Williams' Motion to Vacate in the absence of oral argument. Under the Local Rules of this Court, "[a] party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the court." LCvR 7(f). Oral argument is not a substitute for raising (or a safe harbor for failing to raise) all relevant arguments in the course of briefing a given motion. In this case, the parties had a full and fair opportunity to address all the pertinent issues in their written submissions to the Court. Despite Owen-Williams' personal belief to the contrary, the issues presented were completely straightforward and amenable to resolution on the papers. Under these circumstances, the Court reasonably concluded that holding oral argument would be of no meaningful assistance in rendering a final decision.[6] Moreover, even at this late date and after yet another round of briefing, Owen-Williams still has failed to point to a single colorable argument that would warrant reaching a different decision on his Motion to Vacate. That is, he has not identified anything that might have been said during oral argument that would have had an impact on this case.

      ***C.     Owen-Williams Is Not Entitled to Reconsideration Based on His Contention that the Arbitration Panel Acted in "Manifest Disregard" of the Law***

Owen-Williams next argues that the arbitration panel acted in "manifest disregard" of the law by "neglecting to act on the D.C. Superior Court findings, and by usurping the D.C. Superior Court's authority and ignoring [its] finding." Pl.'s Mot. for Recons. at 4. For at least four reasons, any one of which is sufficient to deny the relief sought, the argument does not constitute grounds for reconsideration. First, as the Court observed in rendering its decision, not even the

---

[6] The same is true of the pending motion; the Court does not believe that oral argument would be helpful in rendering a final decision and therefore, in an exercise of its broad discretion, declines to hold oral argument.

most generous reading of Owen-Williams' submissions in support of his Motion to Vacate would suggest that he intended to argue that the arbitration award should be vacated on the basis that it was made in "manifest disregard" of the law. *See Owen-Williams*, 717 F. Supp. 2d at 10 n.7. Motions for reconsideration are not a vehicle for parties to raise new arguments that could have, and should have, been raised previously. *See Katten v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *Kittner*, 2011 WL 1791233, at *2. Second, to the extent Owen-Williams raised arguments about the relationship between the proceedings before the Superior Court and the proceedings before the arbitration panel, albeit not framed within the contours of the "manifest disregard of the law" rubric, his argument here is not a new one; it has already been considered and rejected by this Court. *See Owen-Williams*, 717 F. Supp. 2d at 20. "Motions for reconsideration 'are not simply an opportunity to reargue facts and theories upon which a court has already ruled.'" *Dalal v. Goldman Sachs & Co.*, 541 F. Supp. 2d 72, 75 (D.D.C. 2008) (quoting *Black v. Tomlinson,* 235 F.R.D. 532, 533 (D.D.C. 2006)), *aff'd on other grounds*, 575 F.3d 725 (D.C. Cir. 2009). Third, the argument rests on a fundamental misunderstanding of the Superior Court proceedings, which occurred in the context of resolving a motion for preliminary relief; the court's findings were not of the type that could be cited as having preclusive and binding effect in the arbitration proceedings. Fourth, and finally, Owen-Williams has pointed to no competent evidence in the record that would indicate that this issue was actually raised before the arbitration panel and that the panel "disregarded" the decision of the Superior Court.[7]

---

[7] In light of the Court's decision, it has no occasion to address the question of whether it is even permissible to vacate an arbitration award based upon "manifest disregard" of the law, which remains an unsettled question in this Circuit.

11

### D. Owen-Williams is Not Entitled to Reconsideration Based Upon this Court's Interpretation of the Superior Court's Findings

Owen-Williams' fourth argument is a related one. Specifically, he appears to assert that this Court somehow misconstrued the Superior Court's findings to mean that he would be unsuccessful on the merits of his claims, and relied on this misconstruction in denying his Motion to Vacate. *See* Pl.'s Mot. for Recons. at 3. He maintains that the Superior Court's findings, properly construed, were limited to the denial of his motion for preliminary relief and were not a reflection of the ultimate merits of his claims. *See id.* The Court is in complete agreement, just as it was when it denied Owen-Williams' Motion to Vacate. *See Owen-Williams*, 717 F. Supp. 2d at 19-20. Simply put, there is no discrepancy or inaccuracy to be found; the Court considered the Superior Court's findings to be provisional ones made in the context of resolving the pending motion for preliminary relief. The Court certainly did not rely upon the Superior Court findings in denying the Motion to Vacate. Furthermore, then, as now, the Superior Court's findings are simply immaterial to Owen-Williams' efforts to vacate the arbitration award. "[E]ven if the arbitration panel had reached a conclusion different from that of [the] Superior Court Judge . . . , this by itself would not have demonstrated that the panel ignored evidence or was partial to Defendant." *Id.* at 20.

### E. Owen-Williams Is Not Entitled to Reconsideration Based on His New Allegations Going to the Merits of His Claims

Owen-Williams next claims that the "grounds upon which [his] position [with BB&T] was rescinded were in violation of [his] Federal Civil Rights and neither the Arbitrators nor this honorable Court addressed this issue." Pl.'s Mot. for Recons. at 5. For at least three reasons, the argument does not constitute grounds for reconsideration. First, it plainly was not raised in the

Motion to Vacate; a party cannot seek "reconsideration" of an argument that was never made. *See Katten*, 995 F.2d at 276; *Kittner*, 2011 WL 1791233, at *2. Second, even assuming the argument could be considered, Owen-Williams points to no competent evidence suggesting that the arbitration panel refused to consider *any* evidence presented to it during the course of the arbitration proceedings, let alone evidence going to these new allegations. Third, and relatedly, Owen-Williams misunderstands the nature of this Court's inquiry when presented with a motion to vacate an arbitration award. This Court is not charged with inquiring as to what claims and defenses were and were not raised in the prior proceedings; a final, binding award embodies all of the parties' rights arising out of the transaction involved, and the parties will be foreclosed from later seeking relief on the basis of issues which might have been raised in the prior proceedings.

> **F.** ***Owen-Williams Is Not Entitled to Reconsideration Based on the Court's Reference to His Failure to Appeal its Order Compelling Arbitration***

Owen-Williams next argues that he is entitled to reconsideration based on the fact that in its prior decision, this Court allegedly took "judicial note" of the fact that he never filed an appeal to the Court's initial order compelling arbitration. Pl.'s Mot. for Recons. at 4. He insinuates that it was improper for the Court to make this statement, despite its accuracy, as the reason he did not appeal was because of strategic reasons taken "[o]n the advice of counsel." *Id.* While Owen-Williams may have misgivings about his decision not to appeal the Court's order compelling arbitration, these regrets are not grounds for relief under Rule 59(e). Rule 59(e) may not be used to rescue a litigant from strategic choices that later turn out to be improvident. *See Secs. & Exch. Comm'n v. Bilzerian*, 729 F. Supp. 2d 9, 15 (D.D.C. 2010) ("Rule 59(e) does not, however, afford [him] . . . an opportunity to raise new arguments that he could have raised before

the Court [earlier] . . . nor is it a chance for him to correct poor strategic choices."). More to the point, the fact that Owen-Williams chose not to appeal the order compelling arbitration was not cited by the Court as a basis for denying his Motion to Vacate on the merits. Rather, it was mentioned by the Court to delineate the procedural history of the case and to ascertain the appropriate framework for the Court's analysis. Because Owen-Williams sought reconsideration of the underlying order compelling arbitration, the Court had to determine whether that aspect of Owen-Williams' Motion to Vacate should be considered under Rule 54(b), which governs non-final orders, or Rule 59(e) and/or 60(b), which govern final orders.

### G. *Owen-Williams Is Not Entitled To Reconsideration Based on His Allegations of Attorney Misconduct*

Owen-Williams further contends that BB&T's counsel engaged in misconduct by "deliberately deliver[ing to him] an inordinate document flood pile of [5,000] commingled documents" while submitting to the Court "a neatly compiled folder of documents that were clearly marked and properly labeled, totaling approximately 500 pages." Pl.'s Mot. for Recons. at 8. This is not a new contention; it has already been considered, and rejected, by this Court. *See Owen-Williams*, 717 F. Supp. 2d at 5 n.5.

### H. *Owen-Williams' Remaining Arguments Are Insufficient to Warrant Granting Reconsideration*

In addition to the seven principal arguments addressed above, Owen-Williams tenders a series of vague and disjointed arguments as to why this Court should reconsider its prior decision denying his Motion to Vacate. None of these arguments is the least bit persuasive, and the Court addresses them here *seriatim*. First, Owen-Williams contends that because "[t]his Honorable Court has directly and eloquently stated in its Memorandum Opinion that it does have the

jurisdiction to enter the Plaintiff's Motion to Vacate . . . the issue of whether or not this Honorable Court can Vacate the Arbitration Award is no longer a question that the Defense can loquaciously argue." Pl.'s Mot. for Recons. at 2. The argument is a complete *non sequitor*. Because Owen-Williams clearly is not contesting the Court's jurisdiction over this matter, this statement, while accurate, is irrelevant to the merits of the pending motion. Second, Owen-Williams states that he is entitled to the position in question because of his job qualifications. *Id.* at 7. "[J]udicial review of arbitral awards is extremely limited," *Kanuth v. Prescott, Ball & Turben, Inc.*, 949 F.2d 1175, 1178 (D.C. Cir. 1991), and Owen-Williams' disagreement with the arbitration award, while understandable, is not a basis for the Court to vacate the arbitration award. Third, Owen-Williams contends that he has and continues to suffer damages. *See* Pl.'s Mot. for Recons. at 8-9. This contention offers no legal or factual basis for reconsideration. Owen-Williams already argued his damages at length before the Superior Court, the arbitration panel, and finally this Court in his prior motions. The Court will not reconsider any alleged damages suffered by Owen-Williams in connection with this case.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Owen-Williams has fallen woefully short of showing the "extraordinary circumstances" requisite to support reconsideration under Rule 59(e). Therefore, the Court will deny his [20] Motion for Reconsideration. An appropriate order accompanies this memorandum opinion.

Date: July 18, 2011

                                           /s/
                                   **COLLEEN KOLLAR-KOTELLY**
                                   United States District Judge